SUMMARY ORDER
Plaintiffs, members of the Army Reserves (“soldier-plaintiffs”) and their families (“family-plaintiffs”), appeal the dismissal of their claims brought pursuant to the Federal Tort Claims Act (“FTCA”) and relating to the soldier-plaintiffs’ alleged exposure to depleted uranium *411 (“DU”) while stationed in Iraq in 2003. We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
Where, as here, a district court grants a defendant’s Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, we review the district court’s legal conclusions de novo, and must accept as true all material factual allegations in the complaint. See Triestman v. Federal Bureau of Prisms, 470 F.3d 471, 474 (2d Cir.2006). In applying this standard, we remain mindful that “ ‘[t]he party invoking federal jurisdiction bears the burden of establishing’ that jurisdiction exists.” Sharkey v. Quarantil-lo, 541 F.3d 75, 82-83 (2d Cir.2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).
In this case, the Feres doctrine precludes plaintiffs from carrying their jurisdictional burden. In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), a unanimous Supreme Court held that “the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.” Id. at 146, 71 S.Ct. 153. While the Feres doctrine has been criticized, the Supreme Court has not retreated from its holding, nor has Congress statutorily circumscribed its reach. See In re Agent Orange Product Liability Litig., 818 F.2d 194, 199 (2d Cir.1987); see generally Dibble v. Fenimore, 545 F.3d 208, 214-15 (2d Cir.2008) (discussing Feres doctrine and noting that “subsequent judicial decisions have significantly expanded the intramilitary immunity doctrine” to bar Bivens and 42 U.S.C. § 1983 actions); Over-ton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 89-91 (2d Cir.2004) (discussing rationales underlying Feres doctrine and its “incident to service” test). We find no error in the district court’s thoughtful, well-reasoned application of Feres to the instant action.
1. The Exposure and Disclosure Claims
To the extent the soldier-plaintiffs seek to recover for injuries sustained as a result of their exposure to depleted uranium (“DU”) while “performing] active duty in Iraq,” Cplt. ¶¶ 18, 21, 24, 27, 30, 33, 36, 39, such claims are plainly barred under Feres. See generally In re Agent Orange Product Liability Litig., 818 F.2d at 200 (“If the Feres doctrine is to have any meaning at all, the claim for in-service injuries is a classic case for its application.”). The decision to deploy plaintiffs to areas allegedly contaminated by DU, as well as defendant’s subsidiary decisions regarding (1) what disclosures to make (or not make) to the soldier-plaintiffs regarding the dangers of DU exposure and (2) what steps to take (or not take) to protect them from such dangers, are simply not proper subjects for an FTCA action. See Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d at 89-90 (“The Supreme Court has observed that the Feres doctrine is designed in large measure to prevent civilian courts from interfering with military discipline and decision-making.” (citing United States v. Muniz, 374 U.S. 150, 162, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963))). Moreover, to the extent the soldier-plaintiffs seek to salvage these exposure and disclosure claims by maintaining that defendant’s “policy of concealment” regarding the dangers of DU was put in place prior to their induction into the Army Reserve, Appellants’ Br. at 18, we have held that such “pre-induction” concealment claims are likewise barred under Feres. See In re Agent Orange Product Liability Litig., 818 F.2d at 200 (“The recovery which the veterans seek for preinduction negligence is dependent upon *412 and inseparably intertwined with the injuries they allegedly sustained while in service. In a situation such as this, overwhelming authority holds that Feres bars recovery.”):
2. The Malpractice Claims
The soldier-plaintiffs’ malpractice claims for medical care they received at military facilities prior to their discharge are likewise barred by Feres.[1] As the district court noted, Feres itself concerned, in part, medical malpractice claims by active-duty service members regarding care received at military facilities, see 340 U.S. at 137, 71 S.Ct. 153, and numerous courts have held that such claims are encompassed by the Feres doctrine. See Matthew v. United States, 452 F.Supp.2d 433, 439 (S.D.N.Y.2006) (citing cases). Plaintiffs cite no cases supporting a narrowing construction of Feres on the facts of this case.[2]
3. The Derivative Claims
The family-plaintiffs’ claims are brought (1) on behalf of Victoria Claudette Matthew, the daughter of plaintiffs Gerard Barren Matthew and Janise Matthew, for injuries sustained as a result of her exposure to DU “at conception and thereafter”; (2) by Janise Matthew for loss of companionship and medical expenses arising out of her daughter’s exposure; and (3) by the wives of the soldier-plaintiffs for loss of “services, society and companionship” as a result of their husbands’ exposure. Because these claims derive solely from the soldier plaintiffs’ alleged exposure to DU,[3] we agree with the district court that adjudicating such claims would require a court to examine the same questions and decisions implicated by the soldier-plaintiffs’ own FTCA claims, and that these claims, therefore, are similarly barred under Feres. See In re Agent Orange Product Liability Litig., 818 F.2d 201, 203 (2d Cir.1987) (“ ‘There has been no suggestion in the legislative history of the Act that Congress was aware that the Tort Claims Act might be interpreted in such an anomalous manner that a serviceman-husband performing his military duty would be denied recovery against the Government whose employee’s negligence may have caused him serious injury, while his spouse is *413 allowed recovery as a consequence of the same set of facts.’ ” (quoting Harrison v. United States, 479 F.Supp. 529, 535 (D.Conn.1979), aff'd, 622 F.2d 573 (2d Cir.))). See generally Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 673, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977) (“[lit seems quite clear that where the case concerns an injury sustained by a soldier while on duty, the effect of the action upon military discipline is identical whether the suit is brought by the soldier directly or by a third party.”); Lombard v. United States, 690 F.2d 215, 223 (D.C.Cir.1982) (noting application of Feres to bar derivative claims of genetic defects by children whose serviceman fathers were exposed to mutating agents).[4]
In reaching these conclusions, we express no view on the merits of plaintiffs’ claims that them injuries derive — directly or indirectly — from their exposure to DU. We hold only that the FTCA does not provide a vehicle for the vindication of such claims. Accordingly, the judgment of the district court is AFFIRMED.

. The district court held that the soldier-plaintiffs could maintain medical malpractice claims under the FTCA insofar as such claims related to (1) alleged failures to render appropriate medical treatment or departures from accepted medical practices (2) that took place in the United States after they were discharged from military service. Matthew v. United States, 452 F.Supp.2d 433, 441, 444-45 (S.D.N.Y.2006). In addition, to the extent the family-plaintiffs' claims derived from such claims, the district court further held that those claims could proceed. Id. at 444. The parties subsequently executed a stipulation dismissing these surviving claims with prejudice in order to obtain a final judgment appropriate for appeal. These claims are therefore not at issue here.

. For example, plaintiffs rely heavily on the Ninth Circuit's decision in Schoenfeld v. Quamme, 492 F.3d 1016 (9th Cir.2007), in which the court held that Feres did not bar an FTCA claim by an active-duty service member who, while “on liberty,” was in a vehicle that crashed into a guardrail at Camp Pendleton that the government had allegedly failed to repair following an earlier accident. Id. at 1017-18, 1026. We need not here decide whether we agree that the Feres doctrine does not apply in such circumstances. The claim at issue here — medical malpractice relating to plaintiffs' exposure to DU while deployed in Iraq — is easily distinguishable from the claim at issue in Schoenfeld in plainly arising out of or in the course of activities incident to service.

.It is not alleged that the family-plaintiffs were directly exposed to DU, but rather that the soldier-plaintiffs’ exposure caused the further harms for which the family-plaintiffs seek recovery.

. Again, the cases cited by plaintiff to avoid this result are not apposite. Brown v. United States, 462 F.3d 609 (6th Cir.2006), specifically noted that courts have "distinguished claims involving injury to a child that derives from an injury to a service-member parent, such as a birth defect caused by a parent’s exposure to radiation, from those claims for negligent medical care administered solely to the detriment of a civilian child,” id. at 614 (internal citation omitted), in holding that Feres did not bar an FTCA claim on behalf of a servicemember's infant daughter alleging negligent prenatal care. See also id. ("Doubtless, we would be obliged ... to apply the Feres doctrine to bar the plaintiff's claim on his daughter’s behalf had the injury to the child been caused by an injury to her mother, who was on active duty with the military at the time of the alleged negligence.”).